JASON G. REVZIN, ESQ.
Nevada Bar No. 008629
Email: Jason.Revzin@lewisbrisbois.com
DANIELLE C. MILLER, ESQ.
Nevada Bar No. 009127
Email: Danielle.Miller@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant*
*State Farm Bank*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER R. FUKUNAGA, | CASE NO.: 2:15-cv-02213-GMN-PAL |
| Plaintiff, | |
| vs. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| STATE FARM BANK, F.S.B, AND EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendants. | |

It appearing to the Court that Plaintiff, HEATHER R. FUKUNAGA ("Plaintiff") and Defendant STATE FARM BANK, F.S.B ("State Farm"), are in agreement that State Farm possesses proprietary policies and procedures that include confidential information that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, this Court hereby orders that:

1.    This Confidentiality Agreement and Protective Order ("Order") shall govern certain discovery and document production among the parties, as well as discovery and document production from third parties, in the above-referenced action.

2.    For purposes of this Order, the term "Confidential Information" shall refer to: (1) information which any party or non-party believes in good faith to be a trade secret or confidential research, development, commercial, or other proprietary business

4827-3018-0654.1

information within the meaning of FRCP 26(c)(1)(G); and (2) documents and/or testimony that may reveal confidential, proprietary, personal or commercially sensitive information. Such Confidential Information may be contained in any written, printed, recorded, or graphic matter of any kind, and shall retain its confidential designation regardless of the medium on which it is produced, reproduced, or stored. Such Confidential Information may also be elicited at deposition or through written discovery.

3. Whenever any party or non-party desires to designate information contained in a document as Confidential Information, the designating party shall mark each page of the document with the word "CONFIDENTIAL" and identify such Confidential Information at the time of production. Confidential Information may be used in the course of depositions in accordance with this Order.

4. Transcripts or exhibits from any deposition or hearing shall be temporarily designated as "Confidential" and be treated as subject to the terms of this Order. Within forty-five (45) days of receipt of such transcripts and exhibits, Counsel will designate the pages of the transcripts or exhibits which shall remain designated as "Confidential" and will advise all other parties. If no designation is made within forty-five (45) days, the entire transcript and all exhibits will be deemed not confidential.

5. All documents produced or information disclosed and any other records designated as "confidential" by State Farm shall be revealed only to:

a) Plaintiff;
b) Plaintiff's counsel of record in this case;
c) Defendant;
d) Defendant's counsel of record in this case;
e) Paralegals and secretarial employees under counsel's direct supervision;
f) Outside photocopying, translating, document management, and exhibit preparation services engaged by a party for purposes of this litigation;
g) Persons employed by counsel to act as consultants or experts in this action;

h) Any other person State Farm agrees in writing may be shown such documents; and

i) The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action, and any jury empanelled in this action, subject to the protections of Paragraphs 3, 4, and 9 of this Order;

6. The information considered as "confidential" and disclosed only in accord with the terms of Paragraph 5 shall include, without limitation, any claims manual, training materials, and any other information or documentation supplied by State Farm and designated as "Confidential."

7. Documents deemed confidential by State Farm shall be used only for the purposes of prosecuting or defending this action. Under no circumstances shall information or materials covered by this Order be disclosed to or discussed with anyone other than the individuals designated in Paragraph 5.

8. Counsel will ensure that those who receive "Confidential" information are aware of the Confidentiality Agreement and Protective Order.

9. Prior to filing any motion wherein information designated as "Confidential" is attached, Plaintiff shall comply with LR 10-5(b) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), or provide Counsel for Defendant reasonable time, but in any event not fewer than 5 judicial days, to file a motion pursuant to LR 10-5(b) and Kamakana to show particularized good cause or particularized compelling reasons to file those documents under seal.

LR 10-5(b) provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the

motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

Pursuant to *Kamakana* and LR 10-5(b), any documents designated as "Confidential" and attached to a non-dispositive motion must be accompanied by a motion showing a particularized good cause for leave to file those documents under seal. And, any documents designated as "Confidential" and attached to a dispositive motion must be accompanied by a motion showing a particularized compelling reason for leave to file those documents under seal.

10. This Order is subject to revocation and modification by Order of the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

11. Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation. If the parties are unable to resolve the objection, the objecting party may move the Court to do so. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the information shall be assumed to be properly designated, and shall be subject to the terms of this Protective Order.

12. This Confidentiality Agreement and Protective Order shall survive the termination of this case and counsel shall take no action to violate this Agreement. However, this clause does not require counsel to take actions contrary to the Rules of Professional Conduct, which impose an obligation upon counsel to safeguard client property for a reasonable period of time.

13. In any action or proceeding to enforce this Order, or pursuant to paragraph 12, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, without limiting any other relief that may be available, provided the Court determines there was a willful and malicious violation of the Confidentiality Agreement and Protective Order.

14. This Order shall remain in effect after the conclusion of this case and the Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

15. This Order may be executed in counterparts, each of which shall constitute one and the same agreement.

DATED this 12th day of February, 2016.      DATED this 12th day of February, 2016.

HAINES & KRIEGER, LLC                           LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ David H. Krieger                         By /s/ Jason G. Revzin
   DAVID H. KRIEGER, ESQ.                          JASON G. REVZIN, ESQ.
   Nevada Bar No. 009086                           Nevada Bar No. 008629
   JENNIFER ISO, Esq.                              DANIELLE C. MILLER, ESQ.
   Nevada Bar No. 013157                           Nevada Bar No. 009127
   8985 S. Eastern Avenue, Suite 350               6385 S. Rainbow Boulevard, Suite 600
   Henderson, Nevada 89123                         Las Vegas, Nevada 89118
   Telephone: (702) 880-5554                       Telephone: (702) 893-3383
   *Attorneys for Plaintiff*                       *Attorneys for Defendant State Farm Bank*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 22, 2016

4827-3018-0654.1                                       5

# EXHIBIT A

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has been provided with a copy of the parties' **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** in the lawsuit captioned *Fukunaga, Heather v. State Farm Bank, et al.,* (United States District Court Case No. 2:15-cv-02213-GMN-PAL). The undersigned agrees to be bound by the terms of the referenced *Stipulated Confidentiality Agreement And Protective Order* in the same manner as Plaintiff, Defendant and their attorneys.

DATED this _____ day of _____, 2016.

By: _____
Litigation Participant - Signature

_____
Name (Printed)

_____
Street Address

_____
City     State     Zip

_____
Occupation or Business



4827-3018-0654.1

6